Com. ex rel. Griffis, Appellant, *v.* Griffis.

Argued March 16, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Rutledge Slattery*, and with him *Joseph A. Slattery*, for appellant.

*John Garaguso* of *Graham, Garaguso & Foley*, for appellee.

454

OPINION BY KELLER, J., May 4, 1932:

The evidence in this case is conflicting, but we are satisfied that the testimony of the appellant's mother, Mrs. Etter, is substantially a true statement of the occurrences attending the separation. She said that, the night before, the defendant had told her that he "was going to send Catherine home;" and that about one o'clock in the morning, following the next night, she was hurriedly called to the phone by her daughter who entreated her to come over to their home at once, where she found her daughter bruised and bleeding; and that defendant had then told her that he wanted her to take his wife out of the house; that she and her husband stayed with her the rest of the night, and that later in the morning, she had taken her home.

We are not to be understood as approving of the appellant's wifely conduct. She did much that was blameworthy, and the defendant had cause for complaint. But he expressly disavowed any claim or contention that she had been guilty of adultery, or had been other than neglectful and indiscreet. Certainly he produced no evidence justifying a decree in divorce against her; and in the absence of such evidence he could not, by sending her out of his house, relieve himself of liability for her reasonable support. When he married her he assumed the duty and obligation to support her. And if he obliged her to leave his home for any cause except one justifying a decree of divorce, the duty and obligation of support remained upon him; at least until he made bona fide and sincere efforts to effect a reconciliation and induce her to return to his home: Com. ex rel. Herman v. Herman, 95 Pa. Superior Ct. 510. Such efforts are not established by his offer, or that of his counsel, first made at the hearing, to take her back. His good faith and sincerity are best measured by his course of conduct prior to the hearing. They are not established by a single offer

made transparently for the purpose of escaping liability for maintenance and support.

Much of the evidence taken in the court below was irrelevant and immaterial, in view of the appellee's admission and the issue being tried. We are of opinion that as the case was there presented the appellant was entitled to an order of reasonable support. We shall not, in the first instance, fix the amount reasonably to be awarded her, but will leave that to be determined by the lower court, in view of all the circumstances.

The first assignment of error is sustained. The order is reversed, and the record is remitted to the court below for further proceedings not inconsistent with this opinion. Costs to be paid by appellee.