## Com. ex rel. *v.* Wattenscheidt, Appellant.

Argued September 26, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Harold B. Bornemann,* for appellant.

*Hazel H. Brown,* Assistant District Attorney, for appellee.

OPINION BY STADTFELD, J., November 22, 1934:

This is an appeal by respondent from an order of the municipal court increasing an order for the support of a wife by her husband. In 1921 the Municipal Court of Philadelphia ordered the appellant, Harry Wattenscheidt, to pay his wife, Fannie Wattenscheidt, the sum of $20 per week for her support. The parties were married in 1917 and apparently separated sometime prior to the making of the order. There are no children by this marriage. Relatrix has an adult son by another marriage and respondent has three adult children by a former marriage. On two occasions the wife's petitions for an increase in support were dismissed. In 1927 the order was reduced to $10 per week. In January, 1933, the order was further reduced to $6 per week, on respondent's showing of reduced income, and the arrearages on the order were suspended.

On May 10, 1934, relatrix filed a petition to increase the order which came on for hearing before WALSH, J., on May 18, 1934, on which date the court granted the prayer of the petition and increased the order from $6 to $10 per week. From that order this appeal was taken by respondent.

From the opinion filed, it appears that a hearing was had and testimony presented by the petitioner and the respondent. The necessity for an increase is based on the prospective loss of the assistance which the petitioner has been receiving from a niece who contemplates marriage and with whom petitioner had been making her home. Respondent testified that he is not now employed and has not been except intermittently. From the opinion filed it further appears that "all of the testimony presented before the court was carefully weighed by the court who had the opportunity of seeing the parties; the petitioner haggard, emaciated and highly nervous, and showing evidence of being under-nourished, is deaf and apparently suffering from a goitre, and unable to obtain employment and maintain herself. In comparison, with appearance of the petitioner, the respondent's appearance is that of a well preserved, vigorous, mentally alert and physically healthy specimen of manhood." As stated by the lower court, "if the respondent did not maintain his wife, the Commonwealth of Pennsylvania or its sub-division, the County of Philadelphia, would be called upon to maintain her, which prior right and obligation rests upon the respondent."

As stated by our Brother Judge TREXLER, in Com. v. Knobloch, 89 Pa. Superior Ct. 216, at p. 218, "In considering the 'sufficient ability' of the husband, referred to in the Act of April 13, 1867, P. L. 78, sec. 1, not only the actual amount earned should be counted, but all the attendant circumstances must be considered."

After a careful consideration of the entire record, we cannot say that there has been such an abuse of discretion by the lower court as to justify a reversal by this court.

The assignment of error is overruled and the order of the lower court affirmed.