## Commonwealth v. Teter

*W. Hensel Brown*, for petitioner.
*Charles W. Eaby*, district attorney, contra.

SCHAEFFER, J., July 29, 1938.—On November 13, 1936, this court entered an order of support against defendant for the support of his wife, Rose L. Teter, in the sum of $8 per week. The records show that defendant failed to comply with the order and pursuant to an attachment defendant was committed on October 22, 1937, for three months to the Lancaster County Prison for contempt. He was discharged from prison on January 22, 1938. On March 25, 1938, at the instance of his wife, another petition for attachment was presented to this court alleging that defendant was in arrears on the original order of support entered on November 13, 1936, for a period of eight weeks as of March 18, 1938. These arrears admittedly accrued after defendant had served his term in prison. An attachment was issued on March 25, 1938. Defendant contends that his commitment on an attachment for nonsupport and the serving of a sentence for contempt operate to release defendant from any further attachment on the same order. This question has not been definitely decided by the appellate courts of this State and the decisions of the lower courts seem conflict-

ing. This court in earlier opinions sustained the view now advanced by defendant. See Commonwealth v. Rudy, 21 Lanc. L. R. 205, and Commonwealth v. Grube, 44 Lanc. L. R. 41. However, in the latest decisions by this court, Commonwealth v. Snyder, 44 Lanc. L. R. 317, decided on January 12, 1934 (erroneously reported in the Lancaster Law Review as in the year 1933), the various acts of assembly and decisions were reviewed and the court concluded, inter alia, at page 320:

"First: That a prosecution of a husband or father for desertion and non-support of his wife or children under the law, making it a misdemeanor, shall be a bar as to further prosecution for the same misdemeanor. It shall likewise not affect the obligation of any order for support theretofore made against the defendant.

"Second: That where an order has been made by the court for the support of a wife or child, and there has issued an attachment for non-compliance therewith for a period of thirty days or more, and the defendant has been committed for a period not exceeding six months, such imprisonment shall operate to release defendant from liability for the amount of the support order in arrears to such time as the court shall fix. However, such imprisonment shall not release the husband or father from his future liability for the support of either his wife or children, or both."

In Commonwealth v. McClelland, 109 Pa. Superior Ct. 211, the court held that the main object in desertion and nonsupport proceedings is not to punish but to require a delinquent husband or father to contribute to the support of his wife or children. The court there referred to the desertion as a continuing offense. See also Commonwealth ex rel. v. Carson, 82 Pa. Superior Ct. 291. In Commonwealth v. James, 142 Pa. 32, a desertion case, it is said in a per curiam opinion: "Imprisonment is not a satisfaction of the order of the court; neither does it release him from the obligation to comply with it."

The court, therefore, concludes that the attachment in this case was properly issued and defendant is directed to appear in court at a time to be fixed by the District Attorney of the County of Lancaster.

At the argument defendant's counsel stated that the order should be reduced due to a change of defendant's financial circumstances. The burden rests upon petitioner to establish by depositions or other proof that the circumstances have been altered since the order of support was entered and that such change is not merely temporary: Commonwealth ex rel. v. Isaacs, 124 Pa. Superior Ct. 450, 455; Commonwealth ex rel. v. Wattenscheidt, 115 Pa. Superior Ct. 84.

And now, July 29, 1938, the rule to show cause why the attachment should not be dissolved is discharged.