Commonwealth ex rel. Liuzzi, *v.* Liuzzi, Appellant.

Argued May 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Roy Pressman,* for appellant.

*Jos. P. Breslin,* with him *Thomas D. McBride,* for appellee.

OPINION BY CUNNINGHAM, J., October 9, 1940:

In this desertion and nonsupport proceeding the husband, appellant herein, who was five years in arrears on a $7.50 per week order for the support of his wife, filed a petition praying that the order be vacated and arrearages remitted. An outstanding attachment for failure to comply with the order came on for hearing along with the petition before WINNET, J., of the court below. After a full hearing, on March 26, 1940, the petition to vacate the order and remit the arrearages thereunder was dismissed. Under the pending attachment, appellant was adjudged to be in contempt and was committed to the County Prison for a period of three months, "to be released on payment of $350 on account of arrears." This appeal followed.

The parties were married in 1914, and separated in 1915, in which year the wife obtained a support order of $7.50 per week. No children were born of this marriage. In 1933 the order was reduced to $4 per week, and so remained until 1935, when it was again made $7.50. After a hearing in March, 1937, in attachment proceedings for contempt of the order, BLUETT, J., declined to commit appellant, remarking: "I am not satisfied that the man is in contempt or deliberately violating the order of the court."

At the time of the hearing which resulted in the order now before us, appellant, a cellist and bass viol player, was earning $75 per week, for twenty-six weeks out of the year, as a musician at a local theatre. His wife was, and had been for several years previous thereto, employed as a stenographer in the District Attorney's office of Philadelphia County, at a salary of $25 per week.

By way of defense, appellant testified his weekly expenses in hiring substitute musicians, obtaining medical attendance, supporting an illegitimate child, his mother and himself, were high. He admitted he had spent over $1000 as libellant in a long drawn out divorce proceeding which is still pending.

In passing upon the "sufficient ability" of a husband, referred to in the statute, not only the amount actually earned, but also the attendant circumstances, must be considered: *Com. ex rel. Wattenscheidt*, 115 Pa. Superior Ct. 84, 175 A. 294.

The fact that the relator is gainfully employed does not deprive her of her right to support by her husband; that duty is imposed upon him by law: *Com. ex rel. Shotz v. Shotz*, 130 Pa. Superior Ct. 561, 198 A. 472. The amount of a wife's separate earnings is, however, one of the relevant circumstances to be considered in fixing the amount of an order.

Granting that appellant's employment at a weekly rate of $75 is seasonal and lasts only six months out of the year, the order of $7.50 per week, toward the support of his wife, is not excessive under the rule stated in *Com. ex rel. v. Milne*, 90 Pa. Superior Ct. 68, 72, and *Com. v. Gilleland*, 93 Pa. Superior Ct. 307, to the effect that, where the support of a child or children is not involved, an award to a wife should not exceed one-third of the income from the property and labor of her husband.

The power of the court, under the Act of June 15, 1911, P. L. 973, 62 PS §1960, to commit appellant for contempt in failing to pay arrearages, is clear: *Com. ex rel. Berardino v. Berardino*, 99 Pa. Superior Ct. 537, and cases cited at page 541. The order now appealed from was based upon the testimony taken before Judge WINNET and his power and duty to make orders in accordance therewith was in no way affected by the declination of Judge BLUETT, in 1937, to commit appellant.

Whether appellant should be committed was a matter largely within the discretion of the hearing judge. In this connection, Judge WINNET, in his opinion supporting the order, said: "Being convinced that the defendant is able to make some payment on the arrears, and that he has either wilfully neglected or defied the court's order, we committed him for three months to the County Prison, to be released on payment of $350 on account of the arrears." Upon an examination of the entire record, we find that statement justified by the evidence.

Order affirmed.