Opinion by
 

 Hikt, J.,
 

 This is a non-support proceeding under the Act of April 13,1867, P. L. 78, as amended, 18 PS 1251. On the separation of the parties, the parents of two minor children, the court on December 28, 1937 made the initial order directing the respondent to pay $150 monthly for the support of his wife and one child. The other child, apparently, was then living with her father or was separately maintained by him. The amount was modified from time to time by subsequent orders but on July 17, 1939 the original order was reinstated. On January 17, 1940 defendant, admitting that he was in arrears in his payments, but averring that he was without income sufficient to comply with the order, petitioned for a reduction in amount. On September 23, 1940 the court made the order on that petition, which is the subject of this appeal, directing a monthly payment of $50 for the support of the wife and their eight-year-old son who was still maintained by her, with an additional monthly payment of $50 to apply on the amount in arrears on the former order.
 

 We find no merit in the appeal. Appellant’s counsel complains that the court made the order after an informal discussion with the parties on September 25, 1940 and without taking any testimony. If he had examined the record he would have found that a hearing had been held on respondent’s petition on January 29, 1940 after due notice to relator and that the transcribed notes of testimony had been filed of record on February 21, 1940; both parties appeared and testified fully at that hearing and respondent was thoroughly cross-ex
 
 *26
 
 amined by relator’s former counsel. It is clear that the order in question was based upon this testimony. If the situation had changed materially, in the interval after the testimony was taken, it was for the relator to move for an additional hearing. Having rested on the evidence adduced at the January hearing, she cannot now complain.
 

 The act provides for such order upon the husband “being of sufficient ability” as the court shall consider reasonable and proper for the comfortable support of his wife and children. And on appeal, this court will not interfere unless it is convinced that there has been a clear abuse of discretion.
 
 Com. v. Henderson,
 
 143 Pa. Superior Ct. 347, 17 A. 2d 692. Conceding that payments of more than $100 a month, made available by the order, would add to the comfort of the wife in supporting herself and her son, the court in our opinion might have been charged with an abuse of discretion if an order had been made in a larger amount, on the showing of respondent’s resources. He earns $4,400 a year. He has maintained his daughter in a private school at an annual expense of $1800 though he is about to make other arrangements which will reduce this amount to some extent. An automobile necessary in his business costs him $500 a year and he pays premiums of $500 yearly on insurance for the benefit of his children. He lives alone in a small cabin at an annual cost of about $1200. If he reduces the maintenance expense of his daughter to $900 and complies with the present order, these annual payments with his other expense will about consume his entire income.
 

 Support orders are not final; on a change in circumstances, if additional financial ability or other proper reason can be shown, relator may move to have the amount of the order increased.
 
 Com ex rel. Barnes v. Barnes,
 
 140 Pa. Superior Ct. 397, 14 A. 2d 164.
 

 Order affirmed.