Commonwealth ex rel. Kielar, Appellant,
*v.* Kielar.

436 .

Argued March 3, 1947. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent.)

*Milford J. Meyer,* for appellant.

*L. B. Maxwell,* for appellee.

PER CURIAM, March 11, 1947:

This is an appeal by the wife of the defendant from an order of the Court of Quarter Sessions of Wayne County dismissing an action for nonsupport for failure to show refusal on the part of the defendant to support his wife and two children. The action was instituted pursuant to the Act of June 24, 1939, P. L. 872, § 733,[1] 18 PS § 4733. See *Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 506, 27 A. 2d 535.

The evidence in this case was uncontradicted, defendant having put in no defense, and clearly established that appellant was entitled to an order of reasonable support for herself and children.

---

[1] "If any husband, or father, being within the limits of this Commonwealth, separates himself from his wife or from his children, or from wife and children, without reasonable cause, or neglects to maintain his wife or children, any magistrate, upon information made before him under oath or affirmation, by his wife or children, or either of them, or by any person, may issue his warrant for the arrest of the person against whom the information shall have been made, and bind him over, with one sufficient surety, to appear at the court of quarter sessions or other court having jurisdiction, there to answer the said charge of desertion."

Defendant and appellant had been married since 1924, and had six children, ranging in age from eight to nineteen; two were under the age of sixteen years. On November 3, 1946, defendant so abused and mistreated his wife that she was obliged to leave their home finally and seek medical treatment. On many other occasions appellant had been abused by defendant and forced to leave and seek shelter with others. The inexcusable conduct of defendant is fully described in the evidence. It is sufficient to say that frequently in their married life defendant inflicted physical injury upon appellant by striking and choking her, and, on the last occasion, to the extent that she became unconscious. In addition, the language which he used toward appellant in the presence of their children was indecent and disgusting. There was no reason or excuse for his conduct, and appellant was justified in leaving with their children. By thus forcing her out of his house, he did not relieve himself of liability for her reasonable support. The duty and obligation to support her and their children, which he assumed when he married her, was a continuing one. "And if he obliged her to leave his home for any cause except one justifying a decree of divorce, the duty and obligation of support remained upon him. . . . Com. ex rel. Herman v. Herman, 95 Pa. Superior Ct. 510": *Com. ex rel. Griffis v. Griffis,* 104 Pa. Superior Ct. 453, at page 454, 160 A. 160.

The fact that appellant did not demand support followed by defendant's refusal does not excuse him from the performance of his duty toward her. See *Kvist's Estate,* 256 Pa. 30, 36, 100 A. 523; *Estate of Martina R. Nixon, Deceased,* 104 Pa. Superior Ct. 506, 513, 159 A. 172.

An order for an adequate and reasonable amount for the support of appellant and her children should relate back to the date the erroneous order of dismissal was made. *Com. ex rel. Herman v. Herman,* 97 Pa. Su-

perior Ct. 453, 458; *Com. ex rel. Singer v. Singer,* 128 Pa. Superior Ct. 223, 226, 227, 193 A. 320.

The order of dismissal is reversed, and the record is remitted to the court below, with directions to enter an order requiring defendant to pay weekly for the support of his wife and children such amount as to that court shall seem reasonable and proper under all the evidence. Costs to be paid by appellee.