Commonwealth ex rel. Kielar, Appellant, *v.* Kielar.

Argued October 2, 1947. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*Milford J. Meyer,* with him *Meyer, Lasch, Hankin & Poul,* for appellant.

No one appeared or filed a brief for appellee.

Per Curiam, November 12, 1947:

This action was originally brought by the wife for the support of herself and two minor children, under the Act of June 24, 1939, P. L. 872, §733, 18 PS §4733. After hearing, the court below entered an order dismissing the case for failure to show a refusal to support. On appeal (160 Pa. Superior Ct. 435, 51 A. 2d 514), this Court reversed the order of dismissal and remitted the record with directions to enter an order for support. The wife has secured a divorce from defendant on the ground of cruel and barbarous treatment. A further hearing was held on January 24, 1947, and the court below entered an order on April 9, 1947, that defendant pay the sum of $20 per week for the support of his wife and two children from November 29, 1946, to January 20, 1947, and $10 per week for the support of the two children from January 24, 1947. This appeal by relatrix followed.

It appears that defendant is now 40 years of age, and relatrix is 39; that defendant is in good health and works steadily, earning $75 per week. Relatrix has no estate or independent income. She and three of the children live with her mother; John, 19 years of age, has been unemployed since his discharge from the U. S. Marine Corps; Eugene, 11 years of age, and Robert, 8 years of age, attend school. Defendant has with him the other three children; Stanley, Jr., 16 years of age, who is employed and earns $16 or $17 per week; William, 17 years of age, who attends high school, and Mary, 14 years of age, who keeps house for him and attends school. The order of $10 per week is for the support of Eugene and Robert.

There is no question as to defendant's ability or as to his duty and obligation to support his children. The only question presented relates to the amount which he should provide.

We have examined the record with this in mind. Defendant is obviously obliged to maintain or assist in maintaining two households. Two of the children who live with him attend school. They must be housed, fed, clothed, and cared for accordingly. The two younger children, for whom the order of support has been made, also attend school. They live with their mother and grandmother, and adequate provision must be made for their support. In view of all the circumstances and defendant's income, we are of the opinion that the sum of $5 per week for each of the two children living with the mother is unreasonable and inadequate. The order of the court below will therefore be modified.

The order of the court below is modified to read as follows:

It is ordered that defendant pay to Lottie Kielar the sum of $70 per month for the support of his two minor children, Robert and Eugene Kielar; said payment of $70 per month to become effective as of November 1, 1947. Defendant shall pay the costs of this appeal.