## Commonwealth *v.* Dugan, Appellant.

Argued November 10, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Russell C. Mauch,* with him *Milton J. Goodman* and *Mauch & Goodman,* for appellant.

*William C. Fulmer,* First Assistant District Attorney, with him *Stanley J. Fehr,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 8, 1948:

This is a nonsupport proceeding under the Act of June 24, 1939, P. L. 872, §733, 18 PS §4733.

Defendant has appealed from the order of the court below directing him to pay $150 monthly for the support of his wife and their minor child.

Relatrix left the family home on January 28, 1947. We agree with the court below that she established by satisfactory evidence that her husband's conduct warranted her leaving him, and that the case came within the statutory provision. He presented no evidence, except a doctor's report and two letters which he offered in evidence as exhibits.

The parties were married January 14, 1925, and they have five children: Frances, 22; Edward, 21; Genevieve, 20; Catherine, 18; and Patricia, 4. Frances and Edward are married; Genevieve is a student at the University of Pennsylvania; and Catherine and Patricia live with their mother, the relatrix. Prior to the separation the parties lived together in Hellertown, Pennsylvania. Defendant is employed as a clerk in charge of production at the Edison-Splitdorf Corporation. In addition to his regular work, he keeps books for business concerns, does auditing, and prepares social security and income tax reports. At the time of the hearing, relatrix was 42 years of age and defendant was 47. The first separation, which was due to defendant's actions, occurred on the 31st of December, 1945. This was preceded by three and one-half years of sordid and offensive conduct on the part of defendant, which became pronounced in July, 1942. After learning that relatrix was pregnant with Patricia (born March 13, 1943), he denied paternity. He falsely accused relatrix of having a social disease, of lying, and of stealing. He accused her in the presence of the children of "running around." He told the daughters that their mother was "no good." From July, 1942, until the final separation on January 28, 1947, defendant called relatrix vile names, and this occurred frequently in the presence of the children. His abusive conduct was not confined to the use of profanity, but on several occasions, especially in the summer of 1944, he kicked and

hit relatrix inflicting physical injury. Defendant apparently acquired a dislike for relatrix's mother, and often during the last year the parties lived together, in the presence of the children, he used indecent language in speaking of his wife's mother. His conduct during the year 1945, during which he renewed his assertions that he was not the father of Patricia and indicated that relatrix's brother-in-law was, culminated in a family altercation, after which he ordered relatrix and all the children out of the house. On January 7, 1946, relatrix returned as the result of a reconciliation effected through defendant's father. Defendant had promised that he would stop drinking and that he would conduct himself properly. Any improvement in his conduct was of short duration, and he continued to subject relatrix and his family to the same kind of treatment as before. He told relatrix that he was going to sue for divorce, and that she was insane. And at least a dozen times during the year 1946, and prior to the final separation in January, 1947, he accused her of having murdered an unborn child; and he repeated his false accusations of infidelity. Her health was thereby affected.

The court below has properly characterized defendant's conduct when it stated: "We can conceive of few stronger cases of indignities to the person than that disclosed by the evidence in this case."

Some of defendant's conduct may be attributable to his excessive drinking; but he refused to quit or to undergo medical treatment for this condition. On the other hand, he holds a good position, and he obviously knew what he was doing. We can find no excuse for his conduct. Defendant in his brief says that the medical testimony was worthless. Although it indicates that defendant showed evidence of alcoholic chronic paranoid psychosis, this did not afford an excuse for his course of conduct over the years, and defendant does not assert that it did.

Defendant argues that he did not separate himself from relatrix or neglect to maintain her and the children within the meaning of the Act of June 24, 1939, P. L. 872, §733, 18 PS §4733. The answer to this argument is found in a recent case (*Com. ex rel. Kielar v. Kielar,* 160 Pa. Superior Ct. 435, 437, 51 A. 2d 514, 515), where we said, relative to a defendant in a similar action: "The duty and obligation to support her and their children, which he assumed when he married her, was a continuing one. 'And if he obliged her to leave his home for any cause except one justifying a decree of divorce, the duty and obligation of support remained upon him. . . . Com. ex rel. Herman v. Herman, 95 Pa. Superior Ct. 510': Com. ex rel. Griffis v. Griffis, 104 Pa. Superior Ct. 453, at page 454, 160 A. 160."

Finally, we think that the court below properly exercised its discretion in fixing $150 per month as a reasonable and proper sum for the comfortable support of relatrix and their minor daughter, and in determining the sufficiency of defendant's ability to pay such sum. See *Com. ex rel. Camp v. Camp,* 146 Pa. Superior Ct. 24, 26, 21 A. 2d 449; *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 376, 22 A. 2d 598. Relatrix testified in detail as to her needs. They warrant the allowance made in the support order for herself and daughter, and this takes into consideration her individual earnings which amount to about $400 or $500 per year. Relatrix testified to declarations by defendant that he earned from $5,000 to $6,000 a year. Such testimony was properly received in evidence. In the absence of any disclosure by him of his circumstances, the court below was warranted in finding as a fact that defendant's earnings at the time of the hearing were between $5,000 and $6,000 a year. Counsel for defendant elicited upon cross-examination of relatrix that defendant had paid out during the year 1946 at least the sum of $4,348. The court below was entitled to make its own deductions from the testimony as to his earnings and from the attendant circum-

stances. *Com. ex rel. Wieczorkowski v. Wieczorkowski,* 155 Pa. Superior Ct. 517, 519, 38 A. 2d 347.

The order of $150 per month is not unreasonable, and is well within the sufficient ability of defendant to pay. *Com. ex rel. Shotz v. Shotz,* 130 Pa. Superior Ct. 561, 563, 198 A. 472; *Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 507, 27 A. 2d 535; *Binney v. Binney,* supra, 146 Pa. Superior Ct. 374, 22 A. 2d 598; *Jones v. Jones et al.,* 348 Pa. 411, 35 A. 2d 270.

Order is affirmed.