Commonwealth ex rel. Berry *v.* Berry, Appellant.

Argued September 27, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*James L. Stern,* for appellant.

*Glenn A. Troutman,* for appellee.

OPINION BY FINE, J., November 22, 1949:

Ernest Berry appeals from an order requiring him to pay $25.00 a week for the support of his wife, Jeanette Berry. He urges she left him without cause or consent and that subsequent to the separation he offered in good faith to resume the marital relationship.

The parties were married in 1913 and separated in 1927 because of appellant's mistreatment of relatrix and their son. About the time of the separation appellant was convicted of embezzlement and fraudulent conversion, for which he served a jail sentence and as a result of which the common residence of the parties was sold at sheriff's sale and relatrix was compelled to support their son and herself. No application for support was made from the date of the separation until now, an interval of about twenty years, because relatrix had been able to maintain herself by her own employment, with the assistance of the son. She no longer receives aid from the son, who recently married and now lives in South Carolina, nor is she physically able to pursue any employment. It is clear that these circumstances

motivate the present support action and account adequately for its delay: *Com. ex rel. Cartmell v. Cartmell,* 164 Pa. Superior Ct. 108, 63 A. 2d 691. The mere fact that the relatrix was able to maintain herself and did not demand support from the defendant does not excuse him from the performance of his duty to support her: *Com. ex rel. Kielar v. Kielar,* 160 Pa. Superior Ct. 435, 51 A. 2d 514; *Com. v. Bicking,* 163 Pa. Superior Ct. 454, 62 A. 2d 118.

Relatrix testified that she left appellant because she could not tolerate his mistreatment of herself and their son and that he agreed to the separation. Concerning the events leading up to the separation, relatrix testified that appellant ". . . was very cruel to both of us, when we didn't do what he told us he would beat us into line"; that one week prior to the trial of the criminal charges mentioned above appellant had beaten relatrix and their son; and, that she then told appellant that she ". . . couldn't stand any more treatment like that, and [she] would have to go, and he said it was all right." Appellant denied that he mistreated his wife or consented to her leaving. He contends that she left without cause and without his consent and that she was therefore guilty of a wilful and malicious desertion which relieved him from the duty of support.

"Where a wife seeking support has left her husband, the issue is whether he has neglected to maintain her 'without reasonable cause.' A voluntary withdrawal of a wife from her husband without adequate legal reason defeats her right to support. . . . As to the husband, the only 'reasonable cause' justifying his refusal to support his wife is conduct on her part which would be a valid ground for a decree in divorce. . . . But a wife who has withdrawn from the marital domicile, on seeking support is not held to that high degree of proof and need not establish facts which would entitle her to a divorce. It is sufficient if she justifies living apart from her husband

for any other reason adequate in law": *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 229, 57 A. 2d 720. There is ample evidence to support a finding that the wife was justified in separating herself from her husband because of his mistreatment and abuse. Of course, it is the duty of a wife to live with her husband at such reasonable place as he can, according to his means, provide as a home. Since it is the husband's obligation to provide a home, his choice in the matter is controlling, provided it is exercised in all sincerity, in good faith and with due regard to the welfare and comfort of his wife: *MacDonald v. MacDonald,* 108 Pa. Superior Ct. 80, 164 A. 830; *Fuller v. Fuller,* 158 Pa. Superior Ct. 378, 45 A. 2d 231.

Where a separation has been consensual, or for adequate cause, the husband must, before his wife's absence from him can become a malicious desertion within the meaning of the law, in good faith take some unequivocal step looking toward a resumption of the family relation: *Com. v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266; *Arnout's Estate,* 283 Pa. 49, 128 A. 661; *Detz v. Detz,* 145 Pa. Superior Ct. 136, 21 A. 2d 424. The good faith and sincerity of the husband are best measured by his course of conduct prior to the hearing. They are not established by a single offer made transparently for the purpose of escaping liability for support: *Com. ex rel. Griffis v. Griffis,* 104 Pa. Superior Ct. 453, 160 A. 160. "An offer of reconciliation must be made in sincerity, and with the intention that it be accepted; it must not be colorable or made for the purpose of escaping marital obligations or laying a foundation for an action". *Detz v. Detz,* supra, at page 140. The court below succinctly summarized the testimony in this regard when it said: "From the time of defendant's incarceration until 1947, the defendant wrote once to his wife requesting her to come back and had one letter sent to her through an intermediary suggesting that she

return. . . . The defendant's protestations of his love and regard [before the court] for his wife can be characterized as tarde venit. Twenty years have lapsed with but Fifty Dollars as a total contribution toward the wife's support and included in that duration was a period when the wife spent six months on crutches in consequence of an accident. Twenty-Five Dollars of that sum he gave her one Christmas and the other Twenty-Five Dollars he gave her at the conference . . . only a short time prior to a hearing on the wife's petition. . . . we cannot find bona fides in the belated, half-hearted, and insincere attempt at reconciliation."

There is no merit to appellant's complaint that the court below erred in basing its order of support upon the report of an interviewer of the Municipal Court which was not made a part of the record. See *Com. ex rel. Knode v. Knode,* 145 Pa. Superior Ct. 1, 20 A. 2d 896. Examination of the opinion of the court below clearly indicates that the order was based upon other evidence disclosing a justifiable separation by relatrix: *Kvist's Estate,* 256 Pa. 30, 100 A. 523. Also, see *Harrah v. Montour Railroad Co.,* 321 Pa. 526, 528, 184 A. 666; *Broad Street Trust Company v. Heyl Brothers,* 128 Pa. Superior Ct. 65, 71, 193 A. 397.

The evidence supports the order of the court below and amply justifies the action taken. As was said in *Com. ex rel. Pinkenson v. Pinkenson,* supra: "A judge who sees and hears the witnesses in a case such as this is in better position than we to decide the issue on its merits (Com. ex rel. v. Wm. Goldstein, 105 Pa. Superior Ct. 194, 160 A. 158) and our function on appeal, therefore, is merely to determine whether the lower court is chargeable with an abuse of discretion. Com. ex rel. Myerson v. Myerson, 160 Pa. Superior Ct. 432, 51 A. 2d 350." No abuse of discretion has been shown.

Order affirmed.