Commonwealth ex rel. Harvey *v.* Harvey, Appellant.

Argued November 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

426

*Lewis R. Long,* for appellant.

*Alfred M. Nittle,* Assistant District Attorney, with him *Elias W. Spengler,* District Attorney, for appellee.

OPINION BY HIRT, J., December 29, 1953:

More than ten years ago Susan Harvey brought an action against the defendant, her husband, for her support and the support of their three minor children alleging that he had deserted his family and had failed to maintain them. After hearing, the lower court, on April 12, 1943, ordered the defendant to pay his wife $75 per month for her support. Hearing on the complaint as to the children was continued from time to time and no order was made for their support until April 8, 1953. On June 30, 1943, when defendant failed to appear on notice served upon him, an order for the attachment of his person was issued by the court. At that time he was in default in his payments under the support order but the bench warrant was prompted by the wife's complaint that the defendant "while under the influence of drink, broke down the front door of the house and attempted to force his attentions upon her." Although the defendant then left the county and

thereafter lived in various other places in Pennsylvania his whereabouts possibly might have been ascertained. The defendant however was not taken into custody on the above warrant until February 25, 1953. After full hearing on April 8, 1953, the lower court adjudged the defendant in contempt for failure to comply with the support order *and* the rules and regulations of the Probation Office, where the payments were directed to be made. The court imposed a jail sentence of 90 days. This is defendant's appeal from the sentence imposed.

The wife, Susan Harvey, had died on February 9, 1953 and her oldest daughter, duly appointed administratrix, represented her estate at the hearing in this case. It was conceded by the defendant that he had made only two payments of $37.50 each to the collection clerk in the Probation Office as directed by the court in the support order, the last of which was made on May 10, 1943. The defendant contended however that he made other substantial payments directly to his wife for her support but the testimony to that effect was incredible and the court properly refused to accept it. Upon sufficient competent evidence the court found: "Defendant made no payments on account of the order of court for support of his wife from May 10, 1943 to February 9, 1953, the date of his wife's death; and the total arrearage as of that date is $8,775." It is conceded that the records of the Probation Office support the finding.

There is no merit in appellant's contention that the court in violation of Article 1 Section 9 of the Pennsylvania Constitution considered complaints contained in letters of the prosecutrix written to the Probation Officer. A sufficient answer to this contention appears in the record in this case which discloses that this evidence was developed by defendant's counsel and not otherwise. Having invited the court to consider the

contents of the letters, the defendant now cannot be heard to complain. *Com. ex rel. v. Rubertucci,* 159 Pa. Superior Ct. 511, 49 A. 2d 269. So also defendant's objection to evidence of the records of the Probation Office as to the amount of defendant's arrearage on his payments is without merit. Proof of defendant's default rests upon the admission of his counsel that only two payments of $37.50 were made to the Probation Officer and the finding of the court from all the evidence that no other payments were made. The computation of $8,775 as the amount due resulted therefore from a simple mathematical computation and was not based upon any letters of the prosecutrix or records of the officer to whom payments were to be made under the order.

Shortly after the death of his wife the defendant returned to Northampton County, and was then arrested on the bench warrant issued on June 30, 1943 which the sheriff had not served because defendant was not previously found in his bailiwick. The lapse of time before service did not invalidate the warrant and the defendant does not so contend. Before the separation the defendant by his own labor had built the shell of a small dwelling house in Middletown, Northampton County. The prosecutrix according to the evidence made the structure habitable after the desertion by the expenditure of upwards of $3,000 out of her earnings. Title to the land in the parties by entireties, vested in respondent on the death of his wife. At the hearing in this case the effort of defendant was to defeat the attachment on technical grounds or, failing that, to show full compliance with the order to protect his property from execution for the collection of the balance due at the time of his wife's death. Shortly after defendant's desertion of his family the children, as wards of the Juvenile Court, were placed in institu-

tions. The prosecutrix paid what she could to apply on their maintenance; the defendant paid nothing. The present sentence rests upon an adjudication based upon proofs from sufficient competent evidence that defendant has failed to comply with the support order of April 12, 1943. Since defendant clearly was in contempt for failure to make payments for support of his wife under the order we may consider that portion of the contempt order relating to the Probation Officer as surplusage.

Judgment of sentence affirmed.