Commonwealth ex rel. Litz *v*. Litz, Appellant.

Argued March 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Peter P. Zion,* for appellant.

*Abraham Levin,* for appellee.

OPINION BY HIRT, J., September 16, 1959:

The original order in this case requiring the respondent to pay $40 per week for the support of his

wife and their 8-year old daughter was entered on August 30, 1956. Since that time there have been numerous petitions for reduction in the amount of the order, and with some success; on November 9, 1956 there was a reduction (for reasons which to us are not entirely convincing) to $34 per week. Since then the defendant has defaulted in his payments on the order for one week out of almost every month, and at the time of the final order with which we are concerned, the amount in arrears was $1,095. In our view the 319 pages of the original record in this case indicates an imposition on the patience of a busy court to which it was not obliged to submit. In the order of October 29, 1958 from which this appeal was taken, the last of a series of petitions for a reduction in the amount of the order was dismissed, and the respondent was ordered to pay the amount in arrears "not later than November 17, 1958 or [to undergo imprisonment for] six months in County Prison."

The liability of the respondent for the support of his wife and his child is not open to question. She was justified in leaving him and the wife's earnings of $35 per week as a saleswoman does not relieve him from the obligation of support as to her. *Com. ex rel. Shotz v. Shotz*, 130 Pa. Superior Ct. 561, 198 A. 472.

Respondent is about 43 years old. His formal education ended with two years in college but he is able-bodied and normally intelligent, and in our view has earning power far in excess of the $75 per week which he contends is the total gross amount of his earnings. The lower court did not believe him, nor do we. He can, if he will, make good his arrearages and keep his weekly payments up to date under the current order. Cf. *Com. ex rel. Weible v. Weible*, 159 Pa. Superior Ct. 290, 48 A. 2d 161. In determining what one should pay for support of his wife and children the court may consider his earning power and is not restricted to the amount

of income which he admits, even though it may represent his actual total earnings. *Commonwealth v. Gleason,* 166 Pa. Superior Ct. 506, 72 A. 2d 595. The nature and extent of his property and financial resources other than his wages or salary may also be considered. *Com. ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 115 A. 2d 892.

Clearly in this case the respondent has used his mother as a screen to conceal his real earning power and to hide his assets. He works for his mother as a bartender and as manager of her taproom. The house in which the parties lived prior to the separation was bought by the respondent for a consideration of $8,000 but title was taken in his mother's name. Throughout the testimony in the various hearings the respondent was evasive when questioned as to the extent of his resources. The house was sold after the separation for $8,100. Of the proceeds of sale respondent was entitled to receive at least $3,400 over and above the balance of the unpaid purchase price. He said he received only $1,050 and that he spent this for attorney fees,[1] and in satisfaction of a loan obligation. His wife and child did not receive anything out of the proceeds of the sale of his equity in their home. In 1957 he bought a new automobile but was careful to note an encumbrance on his registered title, in favor of his mother in the amount of $2,000. He had conducted a wholesale canned goods business, serving restaurants. His testimony as to this business also was evasive; he said he kept no books but it was shown that deposits in his bank account in a period, for example, between February 9, 1955 and January 24, 1956, amounted to over $10,000. He maintained that he had discontinued the business and had

---

[1] In the hearings on respondent's various petitions he employed five different lawyers to represent him. He paid one of them $325. He was not asked what he paid the others.

sold his stock. The relatrix was not in position to dispute that assertion or his testimony that he received only $1,600 on liquidation of this business.

The power of the court to commit the appellant for contempt for failure to pay arrearages is clear. *Com. ex rel. Liuzzi v. Liuzzi,* 142 Pa. Superior Ct. 239, 15 A. 2d 738. Cf. *Com. ex rel. Berardino v. Berardino,* 99 Pa. Superior Ct. 537; *Com. ex rel. Harvey v. Harvey,* 174 Pa. Superior Ct. 425, 101 A. 2d 122.

The question of the ability of respondent to comply with the order in the light of his earning power and his other financial resources was for the lower court (*Com. ex rel. Davidoff v. Davidoff,* supra) and the amount of his income as returned for Federal taxes is not controlling. *Com. ex rel. Rankin v. Rankin,* 170 Pa. Superior Ct. 570, 87 A. 2d 799. The order is amply sustained by the evidence upon every valid ground (*Commonwealth v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266); the lower court therefore cannot be charged with an abuse of discretion in any respect. Cf. *Com. ex rel. Camp v. Camp,* 146 Pa. Superior Ct. 24, 21 A. 2d 449.

Order affirmed.