Commonwealth ex rel. Margiasso *v.* Margiasso,
Appellant.

Argued September 21, 1959. Before RHODES, P. J.,
HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.
(GUNTHER, J., absent).

*H. N. Fineman,* with him *Morris Passon,* for appellant.

*John Pemberton Jordan,* for appellee.

Opinion by Hirt, J., November 11, 1959:

The parties were married in 1927. They separated early in 1951, when the wife left her husband and took 3 of their 5 children with her; the other two joined her later when she was able to find a suitable house to care for all of them. In June 1951 on the wife's petition the court made an order on the defendant for the support of his three youngest children; this order later was vacated as to two of the children by agreement, and was reduced to $15 per week for the youngest child. On October 15, 1955 the respondent filed his petition to vacate the order, as reduced, and on that date the wife petitioned the court for an order on her husband for her support. Both petitions came on for hearing on May 7, 1959 when the court by agreement vacated the arrears on the order for the child, but, after testimony taken, ordered the defendant to pay his wife $20 per week for her support.

The wife left her husband on account of his excessive demands for sexual relations and because of the resulting strife from her refusal to submit to him. He reduced her household allowance; he hit her on one occasion, and, on another, threatened her with something "desperate" if she did not accede to his demands. She left in fear of him and she supported herself with the aid of her children from 1951 until the date of the present order. During that period the defendant paid nothing for her support.

The delay of eight years following the separation in pressing her petition has no effect on the wife's right to support. The mere fact that she was able to maintain herself for many years did not relieve her husband from his obligation to support her. *Commonwealth ex rel. Berry v. Berry*, 165 Pa. Superior Ct. 598, 69 A. 2d 442. This wife had reasonable cause, adequate in law, for leaving her husband. There was

no credible evidence of serious misconduct of the wife in this case and the hearing judge properly resolved the issue of defendant's credibility on that phase of the case against him. *Com. ex rel. Kolbe v. Kolbe,* 186 Pa. Superior Ct. 256, 142 A. 2d 365. In the absence of proof of misconduct on her part which would have entitled the defendant to a divorce he is obliged to support his wife. *Com. ex rel. Rankin v. Rankin,* 170 Pa. Superior Ct. 570, 87 A. 2d 799; *Commonwealth v. Cooper,* 183 Pa. Superior Ct. 36, 128 A. 2d 181; *Com. ex rel. Kielar v. Kielar,* 160 Pa. Superior Ct. 435, 51 A. 2d 514.

There was ample evidence before the lower court to sustain the order of the hearing judge.

The order, accordingly, is affirmed.