## Commonwealth ex rel. Haley *v.* Haley, Appellant.

Argued June 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, MONTGOMERY, and FLOOD, JJ. (WATKINS, J., absent).

*George J. McConchie,* for appellant.

*J. Harold Hughes,* Assistant District Attorney, with him *Ralph B. D'Iorio,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY FLOOD, J., September 13, 1962:

This is an appeal from an order against a father in the amount of $50 per week for the support of two minor children. The important question before us is the appellant's ability to pay this amount. The children's need is not disputed.

The relatrix first petitioned for support for her children on May 17, 1961, and a hearing was scheduled for July 25, 1961. The day before the scheduled hearing the relatrix and the appellant agreed upon an order of $30 per week for the support of the two children and "in addition defendant to assume all outstanding debts and carrying charges for the home". A formal order of court was entered in the same amount and on the same terms as set forth in the agreement. The amount of the "outstanding debts" and "carrying charges" were not listed in the order, but in paragraph five of the appellant's answer to the petition for increased support, which is now before us, the appellant

admitted that he had agreed to pay monthly obligations totalling $318.07, therein listed.

At the time of the original order the appellant was president of two food corporations in Virginia and was earning $200 and expenses per week. His take-home pay was approximately $165 and the total which he agreed and was ordered to pay for support, including carrying charges and debts, amounted to approximately $104 per week, which was roughly 63% of his take-home pay.

On August 4, 1961, eleven days after the entry of the original order, the appellant voluntarily resigned his position. He claimed that he was a nervous wreck at that time and resigned because of domestic problems. Later he made one venture into business and then accepted his present position as a food consultant in New York City.

The appellant's present earnings are $150 per week. His take-home pay is $123.81, and the order of $50 per week for the support of the two children is now roughly 40% of his present net earnings.

Appellant's difficulties arise out of the fact that his minimum living expenses in New York City total $89.50, leaving him only approximately $30 per week to support his children. However, in making the order of $50 the lower court pointed out that the appellant gave up a better paying position without adequate justification and based the amount of the order on the appellant's demonstrated earning capacity. The opinion of the lower court states: "Here is a man who does not intend to pay for the support of his children and is therefore not working to the limit of his capacity to earn".

In determining what a husband should pay for the support of his wife the court may consider the earning power of the husband and is not restricted to the amount of his actual earnings. *Commonwealth ex rel.*

238

*Litz v. Litz,* 190 Pa. Superior Ct. 310, 154 A. 2d 420 (1959); *Commonwealth v. Gleason,* 166 Pa. Superior Ct. 506, 72 A. 2d 595 (1950).

When the court below found that the husband voluntarily had resigned his position and then claimed that his present wages were insufficient to enable him to pay the sum reasonably required to support his children, it properly considered the appellant's earning capacity in fixing the amount of the order. The credibility of the appellant was for the trial judge (*Commonwealth ex rel. Wieczorkowski v. Wieczorkowski,* 155 Pa. Superior Ct. 517, 38 A. 2d 347 (1944)·), who determined that this appellant was not working to the limit of his capacity to earn.

The appellant takes the position that the original order was in the amount of $30 per week for the support of the two children and that the promise to pay debts and carrying charges was a private agreement which was irrelevant and should not have been considered on the petition to increase. Actually, the order entered on the agreement was $30 per week for the support of the two children and "in addition defendant to assume all outstanding debts and carrying charges for the home", which, by the appellant's own pleadings, amounted to $318.07 per month. We are not, therefore, dealing with what is merely a private agreement, but an agreement which became the basis of, and was incorporated in, the court's original order.

Moreover, there is no indication that the court based the second order upon the payments agreed to be made under the first. The opinion mentions the earlier agreement, but the court specifically stated that "we ordered the payment of $50.00 per week after looking carefully at the ability of the defendant to pay, which included considering his ability to earn". The court properly based the second order, not upon what he had earlier agreed to pay, but upon what it considered him

able to pay when that order was entered, and fixed a sum considerably less than was fixed under the agreement and the order made in pursuance of the agreement.

The appellant also claims that at the hearing on the petition to increase, he was foreclosed from showing prior "domestic difficulties" and the "background" of the original order. He argues that, since the relatrix was permitted to testify concerning the agreement, he should have been allowed to show that he agreed to pay the debts and carrying charges only in the hope of a reconciliation, intimating that they were actually beyond his capacity to pay. A reading of the testimony will disclose that the wife testified only as to the appellant's failure to pay the various "additions" in the original order and that she did not in any way testify to its background. The court properly held that the parties' domestic difficulties and the background of the original order were not relevant to the issue, which, as the court stated, was the amount needed for the support of the children and the financial ability of the defendant.

Since the lower court's order was based upon sufficient, competent and convincing evidence, it should not be disturbed.

Order affirmed.