Com. of Pa. *v.* McClelland, Appellant.

Argued April 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and JAMES, JJ.

*Q. D. 'Hastings,* and with him *Donald Glenn,* for ap-
pellant.

*Robert M. Dale,* and with him *D. J. Skelly,* District
Attorney, for appellee.

OPINION BY BALDRIGE, J., July 14, 1933:

We find no error in this proceeding which resulted in
a support order.

The prosecutrix and her husband, the defendant,
were married October 17, 1924, and lived together as
husband and wife until the 12th of August, 1931, when
the husband withdrew from their home.

The appellant sets forth in his history of the case
that he filed an action in divorce on August 13, 1931,
charging his wife with indignities, and she, in turn,
filed an action against him, based also on indignities.
Both actions were dismissed by the court in June,
1932. The wife, on September 18, 1931, filed a com-
plaint under the Act of April 13, 1867, P. L. 78 (18

PS §1251), alleging desertion and nonsupport, and on December 1, 1931, the court decreed that "the Commonwealth has failed to sustain the burden cast upon it to make out a case against the defendant." A second complaint was lodged by the wife on August 4, 1932, embodying the same charges, but as of August 12, 1931. This complaint was amended September 21, 1932, changing the date of the desertion and nonsupport to June 27, 1932. At this hearing the defendant entered a plea of autrefois acquit, which was denied, and the court ordered him to pay his wife $40 a month.

(1) The appellant complains of the failure of the court to sustain his plea of former acquittal.

The real basis of this action is not desertion, which is a separate criminal offense under the Act of March 13, 1903, P. L. 26 (18 PS §1257), which provides for a prosecution by indictment and trial by jury, and has for its primary object the punishment of the accused. The Act of 1867 is not superseded thereby. Its chief object is not to punish, but to require a delinquent husband or father to contribute to the support of his wife or children. The court properly held that the discharge of the husband in the first complaint is not a bar to the subsequent prosecution as his desertion is a continuing offense: Com. v. Hart, 12 Pa. Superior Ct. 605; Com. ex rel. v. Carson, 82 Pa. Superior Ct. 291. The present case was instituted subsequent to the court's order of December 1, 1931, and the failure of the husband thereafter to support his wife could not necessarily have been considered in the first prosecution. A court, moreover, is authorized to make such changes in support cases as the circumstances and conditions may warrant, or a wife, here, may start an entirely new proceeding after a dismissal of a former case: Com. ex rel. Kohler v. Kohler, 100 Pa. Superior Ct. 345. We said in Com. ex rel. Nolde v. Nolde, 105 Pa. Superior Ct. 334, 161 A. 450,

452: "Proceedings in nonsupport are never determined, unless it appears on the record that there is an effectual bar to the proceeding, which prevents the court from entering the order."

(2) The appellant further alleges that the Commonwealth failed to prove his earnings and the prosecutrix's necessities.

The learned court below stated that there was "no definite testimony or information as to his [defendant's] earnings or income." The Commonwealth maintained that the defendant was a part owner of a store. Witnesses testified of his expressed intention to purchase a mercantile business, and of his subsequent declarations of his ownership. The defendant did not contradict these alleged statements. His brother did testify that the defendant was not a part owner but an employee. The wife testified that her husband had been a prosperous business man, but had retired before they were married. It may be reasonably assumed, therefore, that the defendant is a man of business experience and ability, and capable of earning a salary. Returns filed for mercantile tax purposes for the years 1931 and 1932 were received to show during those two years the volume of store business, in which it was contended he had an interest. This testimony was not as specific as is desirable in cases of this kind, but the amount to be paid in support proceedings is within the province of the court of quarter sessions, and will not be disturbed unless there is an abuse of discretion, which is not present in this case. There is no evidence to disclose that the husband sustained any financial reverses, there is no denial of his ability to pay, and, admittedly, he is employed. The wife was unable to obtain employment, and on account of her health is not in physical condition at times to perform work, and is being supported by her mother.

(3) The appellant's final contention is that the order of the court is illegal.

The defendant was directed to pay his wife $40 a month for her support and "file his bond in this court in the sum of One Thousand ($1,000) Dollars, with surety to be approved by the court conditioned upon the faithful compliance with the terms of this order. Failure on the part of the said W. W. McClelland to file said bond, he shall be committed to the Allegheny County Workhouse, Allegheny County, Pennsylvania, there to remain under the provisions of the Act of May 24, 1917, P. L. 268 [19 PS §1151]." That is, if he fails to give security to pay the $40 per month, he shall be confined to prison. The appellant alleges that the order is invalid as it is not drawn in the alternative. But that is not required. The Act of 1867, supra, provides that it shall be lawful for the court to order the defendant to pay such sum as the court shall think reasonable and proper for the support of his wife, "and to commit such person to the county prison, there to remain until he comply with such order, or give security, by one or more sureties, to the Commonwealth, and in such sum as the court shall direct for the compliance therewith." The alternative is that if he gives security, he need not go to prison. This is the practice very generally followed in nonsupport cases. Commonwealth v. Mendelsohn et al., 83 Pa. Superior Ct. 593, is an instance of such an order, and many other cases could be cited. A defendant in this character of cases is very apt to flee the jurisdiction of the court unless a bond is entered, and, consequently, the wife fails to obtain any support.

The Act of 1917, supra, has for its purpose: "To increase the powers of courts in proceedings for desertion and nonsupport of wives," etc. Prior thereto, the court was limited to committing the defendant to simple imprisonment, and as a result the wife or chil-

dren derived no benefit. The placing of this defendant within its wise provisions is not illegal, and we find nothing in the court's order that is irregular or objectionable.

Order of the court below is affirmed. Appeal dismissed at cost of appellant.