## Commonwealth ex rel. Wieczorkowski *v.* Wieczorkowski, Appellant.

Argued April 25, 1944. Before KELLER, P. J., BALDRIGE, HIRT, KENWORTHEY and RENO, JJ. (RHODES and JAMES, JJ., absent).

*Alexander J. Bielski,* for appellant.

No one appeared or filed a brief for appellee.

PER CURIAM, July 19, 1944:

The lower court, after hearing on a charge of desertion and non-support (Act of June 24, 1939, P. L. 872,

18 PS 4733) ordered the respondent to pay $5 per week for the support of his wife. Respondent was in court on at least six subsequent occasions either on his petitions to vacate the order in whole or in part, or on his wife's rules for attachments to compel compliance with the order. The controversy between this husband and wife has been before every judge of the county court and no one of them has found the original order of $5 per week excessive. The present appeal is from an order refusing to vacate the order and directing respondent to pay $50 to apply on a total of $464 in arrears. Relator was justified in separating herself from the respondent; he is liable for her support even though she is employed (*Com. ex rel. Liuzzi v. Liuzzi,* 142 Pa. Superior Ct. 239, 15 A. 2d 738; *Com. ex rel. Shotz v. Shotz,* 130 Pa. Superior Ct. 561, 198 A. 472) if he has earning power sufficient to comply with the order.

Respondent is a registered pharmacist operating a small drug store owned by his mother. On this ground he secured deferment from military service. He testified that he receives no money wages; that his only remuneration for his services is his "board and keep" and all earnings of the business go to his parents. We have no quarrel with a son who is willing thus to contribute his services toward the support of his parents. But we cannot recognize the performance of what a respondent may regard as his filial duty as an excuse for his failure to support his wife. The court was not bound to accept respondent's testimony that all he earned was "a place to sleep and a place to eat." *Com. ex rel. Elgart v. Elgart,* 137 Pa. Superior Ct. 418, 9 A. 2d 202. Even if true it is not unreasonable to assume that respondent, especially in times such as these, qualified as he is as a registered pharmacist, could find employment elsewhere sufficiently remunerative to support himself and to comply with the moderate order

from which he has appealed. In determining what a husband reasonably should pay for the support of his wife the court may consider the earning power of the husband and is not restricted to his actual earnings, *Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 27 A. 2d 535. "In considering the 'sufficient ability' of the husband ...... not only the actual amount earned should be counted, but all the attendant circumstances must be considered": *Com. v. Knobloch,* 89 Pa. Superior Ct. 216; *Com. v. Henderson,* 143 Pa. Superior Ct. 347, 17 A. 2d 692. There is no merit in other grounds upon which respondent questions the validity of the order.

We find no abuse of discretion in the court below.

Order affirmed.