## Commonwealth ex rel. Fedor Appellant, *v.* Fedor.

Argued April 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Clyde P. Bailey,* with him *Bailey & Critchfield,* for relatrix, appellant.

*E. P. Curran,* for appellee.

PER CURIAM, July 19, 1945:

On March 27, 1944, the lower court ordered respondent to pay $80 per month for the support of his wife and their four-year-old child. On February 13, 1945, in the order which is the subject of this appeal, the amount was reduced to $65 per month. Respondent, with overtime, earned an average of $119.59 per week for six months ending January 1, 1945. The net weekly amount received after deductions, including the purchase of war bonds, was $96 for the period. On a showing of reduced earnings to $56 per week during the month of January 1945 the court ordered the reduction.

The wife after the separation went to the home of her brothers where she has been keeping house for them and has maintained a home for herself and her child. The fact that she may shortly receive a moderate amount on the settlement of her mother's estate or that she has some savings of her own in a Postal Savings account has no bearing on respondent's obligation to support her. *Com. ex rel. v. Wierczorkowski,* 155 Pa. Superior Ct. 517, 38 A. 2d 347. What is reasonable for the maintenance of the wife and child in the light of respondent's ability to pay determines the proper amount of the order. *Com. ex rel. Elgart v. Elgart,* 137 Pa. Superior Ct. 418, 9 A. 2d 202. Eighty dollars per month is not unreasonable in amount and respondent's lowered earnings for the period of but one month prior to the present order does not justify the reduction. *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 22 A. 2d 598. This is especially true because even with his reduced earnings, based on a 40-hour week, respondent still has sufficient ability to pay $80 per month without considering a $500 fee as an executor which he received in January 1945. It costs him about $80 a month to live and the support of his family is his only other responsibility. He makes much of the fact that from his net weekly wage of $56 he receives but $36

because of a deduction of $20 per week to apply on his subscription for war bonds. This is not a factor in determining what he should reasonably pay. Even with patriotism as an excuse, he cannot be permitted to build up an investment in savings for himself at the expense of his wife and child.

There were no changed circumstances which justified the court in reducing the order and in so doing there was a clear abuse of discretion.

Order reversed and the order of March 27, 1944 reinstated as of February 13, 1945.