Commonwealth ex rel. Allen *v.* Allen, Appellant.

Argued September 29, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY FINE, J., January 8, 1948:

George Allen, appellant, appeals from an order of the court below awarding support in the amount of $10.00 per week to Amanda Allen, his wife, contending that: (1) dismissal, in 1932, of the wife's petition for support renders the present proceeding *res adjudicata;* and (2) that the proper procedure should have been by a petition to modify the decree of 1932, pursuant to the Act of 1939, P. L. 440, section 1, 17 PS section 263, and not by filing an information against him.

Amanda Allen filed her information against George Allen on April 1, 1947, and a hearing was held before the court on May 12, 1947. The record does not contain any of the testimony. It is argued, however, that the hearing was to be had without the taking of stenographic notes but after the relatrix had been heard, counsel for appellant requested that notes of testimony be taken stenographically. Later, the appellant filed a petition for rehearing ". . . in order to present his (appellant's) case to the court fully and have the testimony taken stenographically and for the purpose of having the order heretofore made on May 12, 1947, modified or revoked." A rehearing was directed to be held July 2, 1947, but

on the preceding day this appeal was perfected and consequently the rehearing was not held.

Nor does the record before this Court contain any evidence regarding the 1932 proceedings, and of course the facts upon which the court below at that time based its decree dismissing the proceedings may not be conjectured. There being no evidence in that regard on what foundation can be based the assertion that the instant proceedings are barred by the prior order. Manifestly, we do not know what legal issues were involved or why the case was dismissed. Especially is this true in view of the well established principle that orders in any support case are not regarded as final and, upon cause shown, may be altered, repealed, suspended, increased, or amended: *Commonwealth ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 361, 21 A. 2d 236; *Commonwealth ex rel. Barnes v. Barnes,* 140 Pa. Superior Ct. 397, 14 A. 2d 164; *Act of 1939,* supra.

Appellant's complaint regarding the procedure followed is equally without merit; prosecutrix could proceed by a petition to modify or by instituting a new proceeding. "A court . . . is authorized to make such changes in support cases as the circumstances and conditions may warrant, or a wife, here, may start an entirely new proceeding after a dismissal of a former case": *Commonwealth v. McClelland,* 109 Pa. Superior Ct. 211, 213, 167 A. 367. In *Commonwealth v. Nolde,* 105 Pa. Superior Ct. 334, 161 A. 450, the court, after dismissal of a prior proceeding, granted relator's petition to hear further testimony and entered an order for support against the husband. The court, at page 338, said: "We need not quote any authority for the statement that proceedings in nonsupport are never determined, unless it appears on the record that there is an effectual bar to the proceeding, which prevents the court from entering the order. An order for support can always be opened, upon petition, if the circumstances which existed when the application, in the first instance

was made, have altered. If it appeared affirmatively in this case the court refused the first petition because the petitioner was not the wife of the defendant, we assume that that would be a bar to the present proceedings, but nothing of that kind appears in the record, and we take what the court below set forth as the reason for the refusal of the first petition."

In the absence of the testimony upon which the court below based its order, it is impossible for this Court to comply with the mandate of the *Act of 1919,* P. L. 72, 12 PS section 1165 (Cf. *Commonwealth v. Elliott,* 155 Pa. Superior Ct. 477, 38 A. 2d 531), requiring this Court to review the testimony. In view of the action of the court below ordering a rehearing, the record should be remanded for such rehearing and determination of facts and conclusions of law consistent with this opinion.

The record is remanded for further proceedings, costs of this appeal to be paid by appellant.