## Commonwealth *v.* Bicking, Appellant.

Argued September 30, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*T. C. Gawthrop*, with him *Gawthrop & Gawthrop*, for appellant.

*John M. Kurtz, Jr.*, District Attorney, with him *Truman D. Wade*, for appellee.

OPINION BY ROSS, J., November 9, 1948:

This is an appeal from an order entered against the husband appellant for the support of his wife and two minor sons. The only question involved is the amount of the order.

On December 5, 1947, the court by stipulation entered an order against the defendant in the amount of $35.00 a week. On March 29, 1948, the wife petitioned for an increase in the amount of the order on the ground that when the stipulated order was entered she "was misinformed as to the salary and the financial standing of her husband". No answer was filed and after hearing on April 14, the court increased the amount of the order to $60.00 a week and the husband took this appeal.

Since the Act of April 18, 1919, P. L. 72, 12 PS 1165, the testimony taken in the court below in a support proceeding brought under section 733 of the Act of June 24, 1939, P. L. 872, 18 PS 4733, is to be reviewed by us on appeal as a part of the record. *Com. v. Elliott*, 155 Pa. Superior Ct. 477, 38 A. 2d 531. The purpose of a support order is to secure an allowance for the wife and children which is reasonable and proper for their comfortable support and maintenance, having in view the property, income, and the earning capacity of the husband. *Com. ex rel. Fort v. Fort*, 124 Pa. Superior Ct. 151, 188 A. 416; *Com. ex rel. Barnes v. Barnes*, 151 Pa.

Superior Ct. 202, 30 A. 2d 437; *Jones v. Jones,* 348 Pa. 411, 35 A. 2d 270; *Com. ex rel Fedor v. Fedor,* 157 Pa. Superior Ct. 305, 43 A. 2d 363.

The relatrix and the two boys, aged nine and five years respectively, live with her mother in three rooms— a kitchen, living room and bathroom. In response to the question "Are your living conditions comfortable and such as you had during your married life?" answer, "Not at all", and further testified, ". . . .my boys have to sleep in the kitchen on a rollaway bed that is a three quarter bed, and that is not big enough . . . and my mother and I have to sleep on a studio couch in the living room." Some idea of the kind of place in which the four people live can be gathered from the fact that the rental is only $5.50 a week. The relatrix testified that the rental of a suitable place would cost $80.00 a month. The husband is the owner of a $12,000 house which is occupied *rent free* by a woman he plans to marry "if he can get rid of his wife". Although it is not the purpose of a support order to punish the husband, certainly the deserted wife and children are entitled to as comfortable and suitable place to live as the husband provides for the "woman he intends to marry". Of necessity, the wife is now employed but the fact that she has separate earnings does not deprive her of the right to support. *Com. ex rel. Weible v. Weible,* 159 Pa. Superior Ct. 290, 48 A. 2d 161.

The husband is employed by S. Austin Bicking Paper Mfg. Co. at Downingtown at a stipulated salary of $100.00 a week. In December 1947 he received from his employer a bonus of $2625.00 for the year 1947. Consequently, his average weekly earnings for 1947 were approximately $150.00. He owns 100 shares of Atlantic Refining Company preferred stock from which he receives $380.00 a year, has $6,000.00 in the bank and, as stated, owns a $12,000 house. Certainly under these facts, the amount of the order—at least from his standpoint—is reasonable. He contends, however, that there

is no certainty that in 1948 he will receive the same bonus that he received in 1947, or in fact any bonus at all. An industrial bonus is not a gift but rather delayed or withheld compensation for services, and at this time when employment, wages and profits are at all time highs, it would be unwarranted for us to assume that the husband employee would receive less compensation for his services in 1948 than he received for similar services with the same employer in 1947. There is no evidence in the record that he will not receive a bonus for the year 1948 and presumably the employer was available as a witness if the husband had desired to call him. Moreover, orders in nonsupport cases are not regarded as final, inasmuch as they may be increased, reduced or vacated where the financial condition of the parties changes, or where other proper reasons are shown.

In a case of this nature we do not interfere with the determination of the court below unless there is a clear abuse of discretion (*Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236) and in the record before us we find no such abuse of discretion.

Order affirmed.