## Extein *v.* Kincus, Appellant.

Argued September 29, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

592

*Manfred Landau,* with him *Romain C. Hassrick,* for appellant.

*Albert S. Oliensis,* with him *A. Allan Goodman,* for appellee.

OPINION BY FINE, J., November 22, 1949:

Samuel Extein, appellee, instituted a suit in assumpsit against Herman Kincus, appellant, seeking the return of $2,500 representing a down payment made under an oral agreement for the purchase of appellant's taproom business. An answer was filed denying the material averments and the matter proceeded to trial before a judge without a jury who after hearing found for the plaintiff for the full amount. At the conclusion of the trial and before judgment, appellant moved for and was denied a continuance on the ground that he had no opportunity to produce at the trial a witness who would have testified in his behalf. A motion for a new trial averring error in the refusal of a continuance was dismissed by the court below, wherefore this appeal.

The sole question raised by appellant is whether the court below abused its discretion in refusing a continuance in the circumstances disclosed by this record. Appellant inaccurately states that he did not have the opportunity to produce Philip Goldberg, his former attorney, as a witness in his behalf at the time of the trial. Appellant could have arranged for the presence of that

witness at the trial but for reasons known to himself he did not even request the presence of Goldberg at that time; nor did he state to the court any reason for his failure to have the witness present. Appellant and his counsel knew of the existence of Goldberg's testimony before trial and admittedly made no effort to subpœna him. Moreover, appellant did not seek a continuance prior to trial because of the absence of this witness. On the contrary, he voluntarily elected to proceed with the trial and take the chance of an unfavorable verdict without this evidence. He is, therefore, in no position to demand a re-trial because of his own failure or neglect to move seasonably for a continuance. *Jaczyszyn v. Paslawski,* 147 Pa. Superior Ct. 97, 24 A. 2d 116; *Marine Coal Company v. Pittsburgh, McKeesport and Youghiogheny Railroad Company,* 246 Pa. 478, 92 A. 688.

Judgment affirmed.