Commonwealth, Appellant, *v.* Medlinsky.

Argued March 6, 1950. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

216

*Arthur Silverblatt,* with him *Nathan Hyman,* Assistant District Attorneys and *Leon Schwartz,* District Attorney, for appellant.

*Thomas F. Farrell, Jr.,* with him *Michael J. Farrell* and *Farrell & Farrell,* for appellee.

OPINION BY ROSS, J., July 20, 1950:

The Commonwealth has taken this appeal from the discharge of a husband who had been arrested on a charge of failing to support his wife.

On December 2, 1948, the prosecutrix, Josephine Medlinsky, at that time residing in Luzerne County, caused a warrant to be issued charging her husband, a resident of Schuylkill County, with failing to support her. When the case was called for hearing, the defendant moved the court for his discharge on the ground that the matter had been adjudicated by the Court of Quarter Sessions of Schuylkill County. The defendant's motion was granted, the defendant was discharged and this appeal followed.

In *Commonwealth v. Nolde,* 105 Pa. Superior Ct. 334, at page 338, 161 A. 450, we stated: "We need not quote any authority for the statement that proceedings in nonsupport are never determined, unless it appears *on the record* that there is an effectual bar to the proceeding, which prevents the court from entering the order." (Italics supplied.)

The record before us does not show when the prosecutrix instituted the action for support in Schuylkill

County. However, the transcript of that proceeding introduced into this proceeding shows that the case was dismissed by the Court of Quarter Sessions of Schuylkill County on November 8, 1948. The appellee-husband contends that the order entered in Schuylkill County is a bar to the present proceeding.

In *Commonwealth ex rel. v. Carson*, 82 Pa. Superior Ct. 291, the defendant husband appealed from an order for support entered against him in Clinton County on November 1, 1922. In that case, the defendant rested his defense on a record of the Municipal Court of Philadelphia. In affirming the lower court, we stated at page 293: "The proceeding in the Municipal Court of Philadelphia County was ended before this proceeding began in Clinton County. . . . We think the wife's right to support is not barred by her failure to appeal from the order of vacation of the municipal court. The wife's residence is in Clinton County and the courts of that county are open to her. We find no merit in defendant's contention that the order of vacation is a bar to this proceeding because it was a judgment of a court of competent jurisdiction upon the same issue." In *Commonwealth v. McClelland*, 109 Pa. Superior Ct. 211, 167 A. 367, the wife, on September 18, 1931, filed a complaint against her husband alleging desertion and nonsupport, and on December 1, 1931, the court decreed that "the Commonwealth has failed to sustain the burden cast upon it to make out a case against the defendant". A second complaint was lodged by the wife on August 3, 1932. The defendant husband set up the order of December 1, 1931 as a bar to the proceeding but we affirmed the lower court in holding that the discharge of the husband in the first proceeding was not a bar to the subsequent prosecution.

In *Commonwealth ex rel. Speer v. Speer*, 267 Pa. 129, 110 A. 268, cited by appellee, the court of Indiana County entered an order for support. Later, after the defendant

husband was in default, the question arose whether the marriage relationship still continued. The Indiana court adjudged that the marriage had been dissolved and "a decree so holding became part of the records of the court, binding upon every court in the Commonwealth having jurisdiction of desertion proceedings" which thereafter the wife might institute against her husband. That, however, is not our case. In this case the only record of the Schuylkill County proceeding before us, in addition to the caption of the case, is the order of the court which reads as follows: "And now, November 8, 1948, case dismissed, costs on county".

This appeal is ruled against the defendant-appellee by *Commonwealth ex rel. Allen v. Allen,* 162 Pa. Superior Ct. 145, 56 A. 2d 343, in which we held that the dismissal in 1932 of support proceedings did not bar a subsequent action for support. There, as here, the record of the prior proceeding was barren of any evidence or of any reason why it was dismissed. At page 147 we stated: "Nor does the record before this Court contain any evidence regarding the 1932 proceedings, and of course the facts upon which the court below at that time based its decree dismissing the proceedings may not be conjectured. There being no evidence in that regard on what foundation can be based the assertion that the instant proceedings are barred by the prior order. Manifestly, we do not know what legal issues were involved or why the case was dismissed."

The order of the court below is reversed, and the case is remanded for a hearing on its merits.