## Commonwealth ex rel. Glener *v.* Glener, Appellant.

Argued October 10, 1952. Before RHODES, P. J., HIRT, DITHRICH, ROSS and GUNTHER, JJ. (RENO and ARNOLD, JJ., absent).

Proceeding upon petition of wife for support order for herself and child. Before BELOFF, J.

Order entered directing payment of stated weekly amount for support. Respondent appealed.

*Arthur W. A. Cowan,* for appellant.

*Henry Arronson,* for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

The husband has appealed from an order requiring him to pay $20 weekly for the support of his wife and child, and complains (1) that the court below erred in refusing his motion for continuance to enable him to take depositions in Washington, D. C. and (2) that the order is too high.

During the cross-examination of the relatrix, appellant requested the court below for a continuance for the opportunity as stated by his counsel, ". . . to procure the deposition in Washington to show that after the separation the lawyer [representing the relatrix] called to Mr. Glener and said she wanted a divorce but that was what caused the separation." This motion was denied on the ground that appellant's counsel had known of the matter which the depositions would have disclosed even prior to the institution of these support proceedings; that he had ample time to obtain the same in order to produce such testimony at the support hearing; that the subject matter involved was long known to appellant's counsel; that his failure to prepare for trial by the earlier taking of depositions afforded no basis for a continuance. No element of surprise was disclosed by the record.

The grant or refusal to grant a continuance lies within the sound discretion of the court below, and its action thereon will not be set aside unless an abuse of discretion is shown. Cf. *Extein v. Kincus,* 165 Pa. Superior Ct. 591, 69 A. 2d 441. No such abuse has been demonstrated for it clearly appears that, had appellant concluded such depositions were an integral part of his defense, his failure to seasonably obtain the same prior to trial can be laid at his doorstep. He had more than 3 months to so act. Moreover, the defense which appellant contends the depositions would substantiate was at most that the separation was a consensual arrangement. This defense has been held to be insufficient. *Commonwealth ex rel. Myerson v. Myerson,* 160 Pa. Superior Ct. 432, 51 A. 2d 350.

There is no merit to appellant's final complaint relating to the amount of the order. At the time of trial appellant was earning a net income of $31.60. There was evidence that shortly prior thereto appellant was earning $125 per week and on some occasions was earning as high as $150 to $175 per week. On this phase of the case the court below found: "We have carefully considered and weighed the Husband's testimony anent his earnings. If his earnings prior to and during coverture is any criterion of his capacity to earn, we cannot accept his statements as to his present earnings or ability to earn as true. We are convinced that Husband is capable of earning much more than the $40. a week gross he contends he now receives working for his sister."

A court is not restricted to a husband's actual earnings as the sole basis for a support order, but is entitled to consider also his earning power, his property holdings and all attendant circumstances. *Commonwealth ex rel. Mass v. Mass,* 170 Pa. Superior Ct. 545, 87 A. 2d 793; *Commonwealth ex rel. Wieczorkowski*

*v. Wieczorkowski,* 155 Pa. Superior Ct. 517, 38 A. 2d 347. There was competent credible evidence that appellant's earning capacity was greatly in excess of that reflected by his present net income.

Order affirmed.