## Commonwealth ex rel. Davidoff *v.* Davidoff, Appellant.

Argued April 18, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Nochem S. Winnet,* with him *M. E. Maurer* and *Fox, Rothschild, O'Brien & Frankel,* for appellant.

*Morton Witkin,* with him *Charles F. Nahill* and *Witkin & Egan,* for appellee.

OPINION BY HIRT, J., July 21, 1955:

In this proceeding under §733 of the Act of June 24, 1939, P. L. 872, 18 PS §4733, the court ordered the defendant to pay $35 per week for the support of his wife. The facts fall into a familiar pattern and no novel legal question is involved. The order will be affirmed.

The parties were both public school teachers in Philadelphia and had been friends for more than six years. But within a few weeks after the wedding ceremony in September 1953 the defendant indicated that he regretted his marriage contract. Marital relations then ceased and he said to her: "I don't want you. I am sorry I ever married you. It was the biggest mistake of my life." In the following December the plaintiff became ill and has since been on sick leave, with the consent of the Philadelphia Board of Education. Counsel, engaged by the plaintiff in an effort to save the marriage met with the parties on May 15, 1954, but without success. The defendant persisted in the stand taken that he wanted his wife to leave him, and

the conference ended in a separation of the parties by agreement on that date. The plaintiff later took what she regarded as her share of the furniture from the home and in June 1954 filed a complaint in divorce. She has not prosecuted the action further.

Even where a separation is consensual the right of the wife to support continues (*Com. ex rel. Glener v. Glener*, 173 Pa. Superior Ct. 108, 94 A. 2d 102) unless the husband in good faith withdraws his consent by seeking the return of his wife looking toward a resumption of the family relation. *Commonwealth v. Sincavage*, 153 Pa. Superior Ct. 457, 34 A. 2d 266. And the fact that the wife has filed a complaint in divorce does not bar her right to support. Although a wife may be seeking a termination of her marriage contract in an action brought by her, she, unless barred by her conduct, is entitled to support up to the time when a decree in divorce is actually entered. In the meantime she may enforce her right to support in the Municipal Court of Philadelphia under the 1939 Act, as amended, supra, or in the common pleas on an application there for alimony pendente lite. *Com. ex rel. v. Maroney*, 121 Pa. Superior Ct. 489, 492, 184 A. 289. The only sufficient cause justifying a husband's refusal to support his wife is conduct on her part which would supply him with a valid ground for divorce. *Com. ex rel. Myerson v. Myerson*, 160 Pa. Superior Ct. 432, 51 A. 2d 350; *Com. ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, 57 A. 2d 720. There is no suggestion that the wife is chargeable with such conduct here.

The order in this case was not excessive in amount. The defendant's gross annual salary as principal of a public school is $7,300; he owns real estate in Philadelphia which he valued at $9,000, from which he receives gross annual rentals in the sum of $1,440; he has an investment of $6,100 in two properties in the

City of New York from which he admits a net annual income of $645. He also has invested $1,100 in a non-income producing property in Massachusetts. The finding of the lower court that defendant has a gross income of $9,300 and a net annual income of upwards of $7,100 has ample support in this record. Where as here, children are not involved the award may not exceed one-third of the husband's income. But in determining the appropriate amount of an order the court is not restricted to the husband's actual earnings; the nature and extent of his property and his other financial resources may also be considered. *Com. ex rel. Rankin v. Rankin,* 170 Pa. Superior Ct. 570, 87 A. 2d 799. Moreover the fact that the wife in this case, during the period of her sick leave, is receiving benefits from the school district at the annual rate of $2,700 does not deprive her of the right to look to her husband for support. A wife is entitled to support from her husband even though she has earning capacity. *Com. ex rel. Shotz v. Shotz,* 130 Pa. Superior Ct. 561, 198 A. 472; *Com. ex rel. v. Wieczorkowski,* 155 Pa. Superior Ct. 517, 38 A. 2d 347; *Commonwealth v. Bicking,* 163 Pa. Superior Ct. 454, 62 A. 2d 118.

Our function on appeal in this class of cases is merely to determine whether the lower court is chargeable with an abuse of discretion. *Com. ex rel. Pinkenson v. Pinkenson,* supra. On the present record we must conclude that the court exercised a proper discretion in holding that the defendant is liable for the support of his wife, and in fixing the amount which she will receive.

Order affirmed.