## Commonwealth ex rel. Misciagna *v.* Misciagna, Appellant.

Argued November 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Bernard Jubelirer,* for appellant.

*Robert C. Haberstroh,* for appellee.

OPINION BY WATKINS, J., December 9, 1958:

This is an appeal from an order of the Court of Quarter Sessions of Blair County by Anthony Misciagna, the husband appellant, from an order of support for his wife, Marjorie Jane Misciagna, the wife appellee, and child, in the amount of $200 per month.

The original order in this case was entered on February 8, 1956, in the amount of $200. Thereafter, on October 22, 1956, a petition for a reduction of the order was filed by the appellant. A counter petition seeking an increase was filed by the wife. After hearing, the court below, on February 1, 1957, entered an order increasing support to $250 monthly.

On July 1, 1957, the appellant again petitioned for a reduction and on July 18, 1958, after hearing, this petition was refused and he was directed forthwith to pay all arrearages to date. Exceptions were filed by the appellant and after argument, the court below on, August 22, 1958, made a supplementary order reduc-

ing support to $200 monthly and directing that arrearages be paid forthwith.

We are of the opinion that the order entered by the court below is not excessive in view of the record before us and that $200 monthly for the support of this wife and child is reasonable and, in fact, modest.

The court is not restricted in fixing the order to the husband's actual earnings; the nature and extent of his property, the character of his employment, his earning power and other financial resources may also be considered. *Com. ex rel. Davidoff v. Davidoff*, 178 Pa. Superior Ct. 549, 115 A. 2d 892 (1955). This is particularly true where there may be some question as to the husband's good faith. *Com. ex rel. Schofield v. Schofield*, 173 Pa. Superior Ct. 631, 646, 98 A. 2d 437 (1953).

The appellant is the manager of the Altoona office of Hemphill Noyes Company, stock brokers, and paid on a commission basis. He is certainly well schooled in financial matters, yet, the court below well stated, "A study of the testimony reveals a mass of confusing evasions and complicated calculations submitted by defendant as to the exact amount of his income over a reasonable period following our Two Hundred and Fifty ($250.00) Dollar Order, in order that we might be guided in concluding whether defendant is entitled to a modification or decrease of our Two Hundred and Fifty ($250.00) Dollar Order." This, together with the fact, that despite the lower court's order, his net arrearages on March 3, 1958 were $2,080 and after filing his most recent petition asking for a reduction to $100 per month, has since August 1957 been paying only $40 per month, clearly indicates anything but good faith.

The court below in its order of July 18, 1958 found his income, for the eight-months' period considered,

to be $11,084.01, which included his salary based on commissions; dividends calculated on a profit and loss basis; and proceeds from the sale of securities. The court then found as a fact, estimating the additional four months for which there were no records, that his income was, "around $12,000 per year." The record supports this finding although the arithmetic is difficult to follow under the state of the record.

However, in the supplementary order of July 18, 1958, the court modified this finding by giving the appellant credit for interest payments on his bank indebtedness of $128 monthly. We cannot understand this conclusion in the face of the fact that the income from the securities is not set forth and whether they went to the bank or to the appellant. The court also reduced the appellant's total income by finding that the sale of the securities was used to reduce his indebtedness at the bank. The court below then found the overall income of the appellant to be $7,334.40 per year. Based on these figures, President Judge JOHN M. KLEPSER, said, "While it is true that defendant's income has been drastically reduced in the eight months' period of 1957, his income during 1956 admittedly was $11,691.17, or nearly double that of 1957, the period in question. This Court cannot help but note that defendant received an unfair 'break' during the prosperous period of 1956. We now believe that our order of $250 was by far inadequate commensurate with his admitted income in 1956." We said in *Com. ex rel. Hoffman v. Hoffman*, 184 Pa. Superior Ct. 500, at page 503, 135 A. 2d 822 (1957), "There is no doubt that a man may be successful in business one year and fail in it the next. His dependents should share in his successes and his failures. Here, as is frequently the case when the parties are separated, the wife and child shared meagerly in the tens of thousands of dollars

he was squandering in 1956.  Now, in 1957 it may be necessary for the defendant to make some personal sacrifices so that his wife and child may have sufficient income to pay for necessities."

The testimony concerning earnings and assets in this case is most certainly confusing and we are not convinced that the court below properly disposed of the items of bank interest and the proceeds of the stock sales.  However, this determination favored the appellant.  We would, under the circumstances, have hesitated to reduce this order but "The amount which the husband should be ordered to pay is largely in the discretion of the trial court and, unless there is a clear abuse of discretion, its judgment will not be disturbed by the appellate court."  *Com. ex rel. Schofield v. Schofield,* supra.

Judgment affirmed.