Commonwealth ex rel. Trichon, Appellant, *v.*
Trichon.

Argued March 16, 1959. Before RHODES, P. J., HIRT,
WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.  (GUN-
THER, J., absent).

*Burton Spear*, with him *Spear & Hassett*, for appellant.

*Louis M. Cohen*, with him *Anthony S. Minisi*, and *Wolf, Block, Schorr & Solis-Cohen*, for appellee.

OPINION BY WRIGHT, J., April 16, 1959:

This is an appeal by a wife from an order reducing her support from $70.00 per week to $50.00 per week. In proceedings of this nature, we will not interfere with the determination of the court below unless there has been a clear abuse of discretion: *Commonwealth ex rel. Kreiner v. Scheidt*, 183 Pa. Superior Ct. 277, 131 A. 2d 147.

Paul R. and Ruth E. Trichon were married on September 5, 1943, and separated on September 28, 1952. They have no children. On December 12, 1952, the wife filed a petition for support. At the conclusion of a hearing on January 5, 1953 before Judge BELOFF, an order of support was entered in the amount of $70.00 per week. On July 14, 1954, the husband filed a petition to reduce the order. There was a hearing on this petition before Judge BELOFF on July 29, 1954, and the matter was then continued. On December 23, 1954, according to the docket entries, the petition was withdrawn without prejudice. On May 20, 1958, a second petition to reduce the order was filed. On July 9, 1958, the matter was again heard by Judge BELOFF, who subsequently, on July 16, 1958, entered the order which is the subject of this appeal.

At the time of the first hearing the husband was employed by family enterprises engaged in the manufacture and sale of men's shirts and pajamas, and children's play clothing. As then found by Judge BELOFF, his gross income was $20,000.00, and his net income after payment of taxes was $15,000.00. The wife's in-

come from temporary employment was $600.00. Due to financial reverses in the family enterprises, the husband's business connection was severed in 1954, and he entered the construction field. He is presently employed by the Rosemont Construction Company and has a gross income of $13,119.61. His net income after payment of taxes is $10,346.97. On the other hand, the wife is now permanently employed with a net income after taxes of $2,700.00.

This action is governed by the provisions of Section 733 of the Act of June 24, 1939, P. L. 872, 18 P.S. 4733. The purpose of this statute is not to punish the husband, but to secure a reasonable allowance for the support of the wife, consonant with the husband's property, income, earning capacity, and the family's condition in life: *Commonwealth v. Henderson,* 170 Pa. Superior Ct. 559, 87 A. 2d 797. Support orders are not regarded as final and, upon cause shown, may be altered, repealed, suspended, increased or amended: *Commonwealth ex rel. Allen v. Allen,* 162 Pa. Superior Ct. 145, 56 A. 2d 343. In a proceeding to reduce an existing order, the burden is on the husband to show by competent evidence such permanent changes in conditions or circumstances as would justify the requested modification: *Commonwealth ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A. 2d 437.

Appellant's first contention is as follows: "A reduction in a support order may not be predicated upon testimony of a change in circumstances which utilizes as its base evidence of net earnings which is contrary to that in the record upon which the original support order was set". We have carefully examined the original record. The testimony at the first hearing disclosed an involved corporate financial arrangement. Reference was made to the returns for income tax purposes. While the husband at one point stated that his

net income was only $11,500.00, this figure was an estimate based in part on the filing of an individual tax return. The evidence as a whole clearly established a higher figure. The hearing judge was entitled to make his own deductions as to the husband's earnings: *Commonwealth v. Dugan,* 162 Pa. Superior Ct. 10, 56 A. 2d 683. In his opinion supporting the instant reduction, Judge BELOFF asserts that the original order was based on his conclusion, previously noted, that the husband's net income was $15,000.00 and that the wife's income was $600.00. We are entirely satisfied to accept his statement in this regard, and find no merit in appellant's first contention.

Appellant's second contention is as follows: "Defendant husband has not met his burden of establishing by credible evidence such a change in his circumstances as to warrant a reduction of almost thirty percent (.30%) in the weekly support in favor of his wife". Emphasis is placed on the fact that the husband admittedly loaned a substantial sum to his employer for which he presently receives no interest. However, the hearing judge found that this was not done in bad faith or to deprive the wife of any rights. In the words of Judge BELOFF: "We have observed Husband's demeanor as he gave his testimony, and we deem his testimony worthy of belief. We are satisfied that Husband did not act in bad faith. He has carried the burden of proof . . . and we find that his earnings and his assets have decreased appreciably. Husband explains that his lending substantial sums of money to his benefactor in time of need, without interest, 'is done in many businesses where . . . the financing is so difficult and the finding of funds so difficult' ".

It is true, as argued by appellant, that the court is not restricted to the husband's actual earnings as the sole basis for a support order, but may also con-

sider his earning power and his standard of living. See *Commonwealth ex rel. Wieczorkowski v. Wieczorkowski,* 155 Pa. Superior Ct. 517, 38 A. 2d 347; *Commonwealth ex rel. Hoffman v. Hoffman,* 184 Pa. Superior Ct. 500, 135 A. 2d 822. However, the amount which the husband should be ordered to pay as support is largely a matter for the judgment of the trial court: *Commonwealth ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437; *Commonwealth ex rel. Misciagna v. Misciagna,* 188 Pa. Superior Ct. 324, 146 A. 2d 643. Since the trial judge sees and hears the witnesses, he is in better position than the appellate court to decide the issue on its merits: *Commonwealth ex rel. Berry v. Berry,* 165 Pa. Superior Ct. 598, 69 A. 2d 442; *Commonwealth ex rel. Woodruff v. Woodruff,* 188 Pa. Superior Ct. 320, 146 A. 2d 376. We will not interfere with the order of the trial court unless the amount awarded the wife is grossly inadequate under the circumstances: *Commonwealth ex rel. Weible v. Weible,* 159 Pa. Superior Ct. 290, 48 A. 2d 161.

Our conclusion is that the action of the lower court in reducing the support order in the instant case is justified by this record, and we find no abuse of discretion.

Order affirmed.