## Commonwealth ex rel. Brandt, Appellant, *v.* Brandt.

Argued March 24, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John A. Erickson,* with him *Lewis, Lewis & Erickson,* for appellant.

*James R. Koller,* with him *Elmer E. Harter, Robert E. Siegrist,* and *Siegrist, Koller & Siegrist,* for appellee.

OPINION BY WATKINS, J., April 13, 1961:

This is an appeal from the order of the Court of Quarter Sessions of Lebanon County, reducing a support order for the appellant wife from $40 to $35 weekly.

Due to the illness and ultimate resignation of President Judge EHRGOOD, three visiting judges, specially presiding, Judge READINGER, and Judge HESS of Berks County, and Judge WISSLER, of Lancaster County, as well as the newly appointed President Judge GATES, who made the final order, had some part in this litigation. The record is confused and incomplete.

The action for support was brought by the appellant-wife, Joan M. Brandt, against the husband-appellee, Lester F. Brandt, on August 4, 1960. A hearing was fixed by Judge READINGER to be held August 17, 1960.

This hearing was continued by Judge HESS. On October 22, 1960, the following order was entered by Judge WISSLER. "The tentative Order of the Court is that the respondent pay to his wife for her support, the sum of Forty Dollars ($40.00) per week, through the Domestic Relations Bureau, and his wife is to have the privilege of remaining living where she now is, and this Order is to remain in effect until a proper property settlement is made between the parties." On November 16, 1960, a petition for attachment was filed, which averred one week delinquency. The record does not disclose the disposition of this matter.

Subsequently, on December 7, 1960, the husband filed a petition praying for a rehearing on the ground that the temporary order entered by Judge WISSLER was based solely on the wife's testimony; that the hearing before Judge WISSLER had not been completed and that the husband had no opportunity to present testimony as to his earnings and expenses. No answer was filed to this petition. The court below, "in order to obtain substantial justice", fixed December 21, 1960, as a date for rehearing. After hearing, President Judge GATES entered the following order. "And now, to wit, December 21, 1960, after hearing, the prayer of the Petition is hereby granted and the Order heretofore imposed in the amount of $40.00 per week for the support of the wife is reduced to the amount of $35.00 per week until further Order of the Court."

The appellant contends that the court below erred in reducing the amount of a support order in the absence of clear testimony of change of circumstances and that the tentative order was a final order, was

res adjudicata and therefore her proper remedy was an appeal to this Court. We agree with the court below that with a record that disclosed the entry of a "tentative" order of $40 weekly support and having before him a petition setting forth under oath that the husband had not had the opportunity to be heard as to his earnings and expenses, unanswered, justice demanded that the hearing be completed and a final order entered.

As the court below said: "In this case, it is apparent that the Defendant was not afforded the opportunity of testifying under oath as to his earnings and as to his reasonable expenses at the original hearing. It is felt that the denial of this worked a substantial injustice to the Petitioner and this Court proceeded to hear testimony as to his present financial situation." An appeal from the "tentative" order, under the circumstances of this case, could result only in a remand order by this Court to do exactly what the lower court did do.

An order of support unappealed from becomes res adjudicata as of its date. *Com. ex rel. D'Alfonso v. D'Alfonso,* 181 Pa. Superior Ct. 71, 121 A. 2d 900 (1956). A support order is never permanent in the sense that it cannot be modified upon the showing of changed conditions. We have held that it would be improper for a court to make "temporary" orders over long periods of time thereby defeating the right of appeal. *Com. ex rel. Hoffman v. Hoffman,* 184 Pa. Superior Ct. 500, 135 A. 2d 822 (1957). In that case we questioned the advisability of making four so-called temporary orders ranging from $35 to $85 weekly over a period lasting from December, 1954 until June, 1955. But by our admonishment in that case we did not mean that a court, in the exercise of its discretion, could never make "temporary" or "tentative" orders

of support pending the need for additional information or additional testimony.

In this case the court had nothing before it but the temporary order, with a silent record as to the reason for it, and the petition for rehearing, unanswered. The wife never raised the question of a need for changed circumstances in order to modify the order, either by answer to the petition or at the rehearing. "A question not raised in the court below will not be heard on appeal by the appellate court." *Roberts v. Fireman's Insurance Co. of N. J.*, 376 Pa. 99, 101 A. 2d 747 (1954). However, the court properly did not treat this case as an attempt to obtain a new order based on a change of circumstances, but treated the rehearing, in the interest of justice, as a continued hearing for the purpose of taking necessary testimony to transform the tentative order into a final appealable order.

Order affirmed.