## Rachelson Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, J.J.

*Stanley B. Singer*, for exceptant.

*Abraham A. Levinthal*, contra.

BOLGER, J., December 13, 1963.—Exceptant in one numbered paragraph attacks (a.) The finding of the auditing judge that the transaction between her father, the testator, and herself was a loan, and (b.) that the auditing judge erred in not granting her application for a further continuance in order to produce witnesses, one of whom was ill, and also along with other unnamed witnesses was interfered with and intimidated by the parties to the other side.

We have reviewed the testimony and are completely satisfied that the auditing judge ruled correctly on the facts and on the law. His findings of fact are tantamount to the verdict of a jury and since the record reveals no caprice or arbitrariness in the findings, they are binding upon us: Pavlinko Estate, 399 Pa. 536 (1960).

The auditing judge held three hearings. Toward the conclusion of the first hearing, on September 16, 1963, counsel for exceptant stated that a witness who had not been subpoenaed was ill and could not appear. The auditing judge stated he would hear her the following day. She did not appear then nor on September 26, 1963, when another hearing was held. The audit was continued until October 17, 1963, at which time exceptant produced no witnesses, but asked for a further continuance. Counsel admitted that the witnesses were not subpoenaed. He made no offer of proof of what they would testify to if they appeared and also stated that he had not interviewed any of them. The other heirs strenuously objected to the motion. The auditing judge sustained the objections and refused to continue the case, but told counsel for exceptant he might submit an affidavit at any time prior to the filing of the adjudication, which the auditing judge would consider. No affidavit was submitted before the adjudication was filed on October 26, 1963. On November 7, 1963, exceptions were filed when, for the first and only time to the pres-

ent, an affidavit was filed as part of the exceptions. This affidavit is signed and sworn to by the exceptant's husband. It is as follows:

"Oct. 26, 1963.

"Dear Mr. Singer:

"I spoke to Mrs Mary Lenetsky of 1537 Robbins Ave., Phila.

"She told me she would go to your Office, 1420 Walnut St. Phila., and give you a statement as a Witness for my Wife, Mrs. Frances Adler, in the 'Rachelson Estate Case'. She told me to pick her up 10:30 A.M. Saturday Oct. 26, 1963. She also told me to call Mrs Katie Nemorofsky of 2230 Benson St. Phila. also a Witness for my Wife, to come along with her at the same time. I called her to tell her what time I would pick her up because she said she would go as a witness if Mrs Lenetsky would go. She said she could not and would not go. She seemed frightened and hysterical. She then told me that she had been threatened and intimidated by Mrs Fannie Gordon of 607 So. 3rd St. Phila. and Mrs Mary Rachelson of 6295 Kindred St. Phila. Mrs Nemorofsky and Mrs Lenetsky were told, that if they would go as Witnesses for my Wife they would be arrested with a Warrant for mixing in. Mrs Nemorofsky told me on the phone that Mrs Lillian Moskowitz also called her on the Phone and requested her not to go as a Witness. Later Mrs Lenetsky confirmed this to me. After this conversation with Mrs Nemorofsky Mrs Lenetsky changed her mind and said that she would not go.

Morris Adler

Carlo A. DeLuca

Notary Public of New Jersey

My Commission Expires May 5, 1964   (Seal)."

As can be seen, it contains no statement of what substantive testimony would be elicited from the witnesses respecting exceptant's claim. It is obviously hearsay and, therefore, inadmissible. While all the members of this court are constantly alert to claims of injustice or lack of due process, especially those involving tampering with witnesses, we find a complete lack of ground upon which to direct a re-audit of this case. Suspicion does not take the place of evidence. Either counsel or his client or both have been attempting to trifle with the court. Full and fair opportunity was afforded exceptant to give her her day in court. Her complaint now that she did not have it cannot be laid at the door of the court. She alone was responsible for it. Her dereliction in not subpoenaeing the witnesses and counsel's failure to interview them when he had ample time and opportunity to do so and no offer of proof being made, indicate a cavalier attitude which no court is obligated to condone. The auditing judge had a duty to the other parties to the litigation as well as to exceptant and we conclude that he acted wisely. Refusal to grant a continuance is within the reasonable discretion of the trial judge: McNernie v. W. S. Peace, Inc., 344 Pa. 24 (1942). Among the cases which hold that it is not an abuse of discretion amounting to reversible error for a trial judge to refuse to continue a case because of the absence of a witness where there is no proof that the witness had been subpoenaed nor any offer to show what he would testify to, are as follows: Gillman v. Media, Middletown, Aston & Chester Electric Railway Company, 224 Pa. 267 (1909); Extein v. Kincus, 165 Pa. Superior Ct. 591 (1949).

In our unanimous opinion the auditing judge did not abuse his discretion in refusing the application for a continuance.

The exceptions are dismissed and the adjudication is confirmed absolutely.